FRANK HUGHITT v. THE STATE.

No. 3722. Decided October 20, 1915.

1.—Injuring Fence of Another—Title—Evidence—Possession—Agency.

While the title to real estate is never to be tried in this character of case, yet where the evidence offered was not to prove superior title, but only to show that defendant in fact was in possession of the land on which the fence was situated, which he was charged with pulling down, the court should have admitted in evidence a certain letter to prove that while the alleged owner of the fence was in possession of the land, his possession was that of an agent of the real owner, and that defendant had gone in possession of the land by the authority of said real owner.

**2.—Same — Insufficiency of the Evidence—Ownership—Agency—Possession.**

If the alleged owner of the fence, which defendant was charged with pulling down, never claimed the land as his own, and did not do so at the time of this trial, but only claimed he was in possession of it as the agent of the real owner, and defendant had the permission and consent of and authority from said real owner to enter upon the land and take possession thereof, he committed no offense in doing so.

Appeal from the County Court of Mills. Tried below before the Hon. G. H. Dalton.

Appeal from a conviction of unlawfully breaking down and injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

*J. C. Darroch,* for appellant.—On question of title and peaceable possession: McCuen v. State, 43 Texas Crim. Rep., 612; Pate v. State, 46 id., 483; Hames v. State, 46 id., 562; Fitzsimon v. State, 59 id., 540.

On question of agency: Sanders v. State, 54 Texas Crim. Rep., 101; Deneaner v. State, 58 id., 624; McNeely v. State, 50 id., 279; Kiezewetter v. State, 34 id., 513.

*C. C. McDonald,* Assistant Attorney General, and *F. P. Bowman,* County Attorney, for the State.—On question of title and possession: Jenkins v. State, 7 Texas Crim. App., 146; Carter v. State, 18 id., 573; Behrens v. State, 14 id., 121; Arbuthnot v. State, 34 S. W. Rep., 269; Oliver v. State, 37 S. W. Rep., 427; Barber v. State, 63 S. W. Rep., 823; Smith v. State, 79 S. W. Rep., 34; Kolplush v. State, 80 S. W. Rep., 86; Fitzsimons v. State, 128 S. W., 923; Hurlbut v. State, 13 Texas Crim. App., 252; Johns v. State, recently decided.

HARPER, Judge.—Appellant was convicted of unlawfully pulling down a fence of D. H. Trent, and his punishment assessed at a fine of $10.

This case is a little out of the ordinary. Of course, the title to real estate is never to be tried in this character of case, and the court did not err in so holding. But as we view the record, the evidence appellant sought to introduce was not offered to prove that he held a superior title to Trent to the land, but only to show that he in fact was in possession of the land on which the fence was situate, and rightfully so. The prosecuting witness, D. H. Trent, testified that the fence belonged to him and had been in his possession since 1895—about twenty years; that the land fenced was a part of the W. W. Williams survey, and was called the McClesky land. That he had been in possession of the land since 1895. If Trent was claiming the land as his own, then, of course, the question of title could only be tried in the District Court, and evidence on that issue would not be admissible. But what appellant sought to prove was, that while Trent was in possession of the land, his possession was that of agent of McClesky, and offered in evidence the following letter of Trent:

"Goldthwaite, Texas, June 29th, 1914.

Mr. J. H. McClesky, Belton, Texas.

My dear Sir: I have yours of the 28th relative to the land at Williams Ranch. I have had this land fenced and taking care of it for fifteen years, and the wood has been saved thereby. I don't find any deed on record in favor of your father, but he told me that the land belonged to him, and he gave me authority to fence the same. However, old Frank Hewitt has put a deed on record and claims the land, says that he bought the land from your father, but the place is in my possession and will be until you are able to dispose of it, and if I can help you shall only be glad to do so. The land is a cheap grade of land and wont bring much, don't believe it will bring more than $6 per acre for it is just rough grazing land. There has not been any taxes paid on the place for years and years. I will keep and take care of the place and hold it until I am paid for my fence and something for taking care of it for the past fifteen years. Let me hear from you regarding the same. I am,

Yours very truly,

D. H. Trent."

Appellant offered to prove further that prior to the time this prosecution was begun he had gone into possession of the land by authority of Trent's principal, Mr. McClesky. If in fact Trent was holding the land as agent for McClesky, at will, certainly McClesky would have authority to authorize appellant to take possession of it. If Trent had been claiming the land as his own, no matter how defective his title, the owner of the superior title would not be entitled to show that fact in this character of case. But when Trent by his testimony does not claim to be owner of the land, on cross-examination appellant ought to have been permitted to show by him, if he could, that he did not claim the land as his own, but was merely in possession of same as agent for McClesky, and that his possession was in fact the possession of McClesky, and then to prove, if he could, he entered upon the land by authority from McClesky, in fact, the person in whom the real possession of the land had been all these years. The court erred in excluding the testimony which would tend to show these facts.

If one is in possession of another's cow and had been in peaceable possession for two years, and one is alleged to have stolen the cow of A (the person in possession) without his consent, and A had so testified, certainly it would be permissible for one charged with the theft to show that while A was in possession of the cow, yet he was agent of B, the real owner of the cow, and if the person charged with the crime should offer to show that he had the consent of B to take the cow, such testimony would be admissible, and if the jury should find that he had such consent, he would be guilty of no offense. If Trent had never claimed the land as his own, and did not do so at the time of this trial, but only claimed he was in possession of it as the agent of McClesky, and appellant had the permission and consent of and authority from

McClesky to enter upon the land, and take possession thereof, he committed no offense in doing so. And if Trent placed a fence on the land, without McClesky's knowledge or consent, McClesky or those holding under him would have authority to remove it from off the land, and would be guilty of no offense in doing so.

What is above said indicates the errors of the court in excluding testimony, and we do not think it necessary to discuss each bill of exceptions in detail. It will also indicate to the court the issues to be submitted in his charge.

The judgment is reversed and the cause remanded.

*Reversed and remanded*